FILED
FEB - 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bert E. Chapman,
Lamar C. Chapman,

    Plaintiffs,

                  Civil Action No. 17-2636 (UNA)

U.S. Bank *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiffs' *pro se* complaint and applications for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* applications and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions

1

. . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff Bert E. Chapman is a resident of Chicago, Illinois, who describes himself as, *inter alia*, the "heir, 'next of friend' and trustee" of his mother's estate in Illinois.[1] Compl. Caption and Compl. at 5. Plaintiff's brother and co-plaintiff Lamar C. Chapman, III, a.k.a. Christophe de la Mar Chapman III, is a prisoner at the Federal Correctional Institution in Loretto, Pennsylvania, who claims also to be an heir. *See* Compl. at 6. Plaintiffs have sued U.S. Bank and other financial institutions, as well as a list of individuals, for alleged civil rights violations. The wide-ranging allegations comprising the prolix complaint simply fail to provide adequate notice of a claim. As a result, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date:  January 26, 2018

United States District Judge

---

[1]  Pursuant to 28 U.S.C. § 1654, artificial entities, including estates, "cannot file a *pro se* action or appear *in forma pauperis*." *Diamond Ventures, LLC v. Barreto*, 452 F.3d 892, 900 (D.C. Cir. 2006) (citing *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 201-02 (1993)); *see In re Shattuck*, 411 B.R. 378, 383 (10th Cir. 2009) ("a trustee [of an estate] that is not a licensed attorney . . . lacks the legal capacity to appear and represent an estate (an artificial entity) in federal court."). The Court cannot determine in what capacity plaintiffs have appeared in this case but will assume for present purposes that each is "plead[ing]" his "own case[ ]." 28 U.S.C. § 1654.

2